[Cite as *State v. Zeitler*, 2026-Ohio-2951.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
MUSKINGUM COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2025-0131 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2025-0058 |
| STORM L. ZEITLER, | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: July 30, 2026 |

**BEFORE:** Andrew J. King; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** JOSEPH A. PALMER, for Plaintiff-Appellee; BRIAN A. SMITH, for Defendant-Appellant.

*Montgomery, J.*

{¶1} Defendant-Appellant, Storm L. Zeitler, appeals the judgment entered by the Muskingum County Common Pleas Court convicting him following his plea of guilty to one count of gross sexual imposition (R.C. 2907.05(A)(4)), and sentencing him to sixty months of incarceration. Plaintiff-Appellee is the State of Ohio.

**STATEMENT OF THE FACTS AND CASE**

{¶2} Appellant met the twelve-year-old victim's family while living at the Salvation Army. The victim's family moved to a house and allowed Appellant to stay in the house.

The victim reported to police that in the winter of 2023, Appellant came to her bedroom on two occasions. On the first occasion, Appellant touched the victim's breasts under her shirt. On the second occasion, Appellant touched her vagina over the top of her underwear.

{¶3} Appellant was indicted by the Muskingum County Grand Jury with two counts of gross sexual imposition. Pursuant to a negotiated plea agreement, Appellant entered a plea of guilty to one count of gross sexual imposition, and the State dismissed the second count. The trial court sentenced Appellant to sixty months of incarceration and ordered him to pay court costs.

{¶4} It is from the November 13, 2025, judgment of the trial court Appellant prosecutes his appeal, assigning as error:

{¶5} "I. THE TRIAL COURT'S SENTENCE WAS CONTRARY TO LAW, WHERE THE TRIAL COURT IMPOSED THE MAXIMUM POSSIBLE SENTENCE OF 60 MONTHS IN PRISON ON APPELLANT AND DID NOT PROPERLY CONSIDER THE PRINCIPLES AND PURPOSES OF FELONY SENTENCING UNDER R.C. 2929.11 OR R.C. 2929.12."

{¶6} "II. THE TRIAL COURT'S SENTENCE, WITH REGARD TO THE IMPOSITION OF COURT COSTS, WAS BOTH CONTRARY TO LAW AND AN ABUSE OF DISCRETION, WHERE THE RECORD DEMONSTRATED THAT APPELLANT WAS INDIGENT AND DID NOT HAVE THE ABILITY TO PAY COURT COSTS; WHERE APPELLANT HAD BEEN FOUND TO BE INDIGENT AND HAD BEEN APPOINTED COUNSEL; AND WHERE THE TRIAL COURT IMPOSED THE MAXIMUM POSSIBLE SENTENCE ON APPELLANT OF 60 MONTHS IN PRISON."

**I.**

{¶7} In his first assignment of error, Appellant argues the trial court's sentence was contrary to law because the trial court did not properly consider the principles and purposes of felony sentencing pursuant to R.C. 2929.11 and R.C. 2929.12. We disagree.

**STANDARD OF REVIEW**

**{¶8}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Roberts,* 2020-Ohio-6722, ¶ 13 (5th Dist.), *citing State v. Marcum*, 2016-Ohio-1002. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(l), or the sentence is otherwise contrary to law. *Id., citing State v. Bonnell,* 2014-Ohio-3177.

**{¶9}** When sentencing a defendant, the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Hodges*, 2013-Ohio-5025, ¶ 7 (8th Dist.).

**{¶10}** "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. *Id*. Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**{¶11}** R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony and gives detailed criteria which do not control the court's discretion, but which must be considered for or against severity or

leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

{¶12} Nothing in R.C. 2953.08(G)(2) permits this Court to independently weigh the evidence in the record and substitute our own judgment for that of the trial court to determine a sentence which best reflects compliance with R.C. 2929.11 and R.C. 2929.12. *State v. Jones*, 2020-Ohio-6729, ¶ 42. Instead, we may only determine if the sentence is contrary to law.

{¶13} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Pettorini*, 2021-Ohio-1512, ¶¶ 14-16 (5th Dist.).

## ANALYSIS

{¶14} In the instant case, the judgment entry of sentencing reflects that the trial court considered the record, all statements, any victim impact statements, the plea recommendations, the principles and purposes of sentencing under R.C. 2929.11, and the balance of seriousness and recidivism factors under R.C. 2929.12. At the sentencing hearing, the trial court noted Appellant began using marijuana around the age of eight, and methamphetamine around the age of twenty-four. The trial court discussed Appellant's criminal history, including five counts of gross sexual imposition pending in Cuyahoga County, which like the instant case involved a victim under the age of thirteen. Although the charges were dismissed, Appellant was indicted in Perry Couty for kidnapping, assault, and child endangering. Appellant's prior convictions included assault in August of 2024; aggravated menacing and assault in July of 2022; domestic violence and brandishing a

weapon in January of 2022; abduction and domestic violence in March of 2020; criminal trespass in December of 2019; felonious assault in September of 2019; failure to display and having a dog at large in July of 2018; criminal damaging in January of 2017; marijuana paraphernalia in December of 2016; two counts of domestic violence, criminal damaging, theft, aggravated menacing, and assault in September of 2014; assault, disorderly conduct, and drug possession in August of 2013; underage consumption in July of 2010; and disorderly conduct in March of 2009.

{¶15} Appellant argues the trial court erred in placing undue emphasis in sentencing on pending charges in Cuyahoga County, dismissed charges in Perry County, and unrelated types of offenses. We disagree.

{¶16} The Ohio Supreme Court has recognized that "it is well-established that a sentencing court may weigh such factors as arrests for other crimes. * * * [T]he function of the sentencing court is to acquire a thorough grasp of the character and history of the defendant before it. The court's consideration ought to encompass negative as well as favorable data. Few things can be so relevant as other criminal activity of the defendant. 'To argue that the presumption of innocence is affronted by considering unproved criminal activity is as implausible as taking the double jeopardy clause to bar reference to past convictions.'" *State v. Burton*, 52 Ohio St.2d 21, 23 (1977), *quoting United States v. Doyle*, 348 F.2d 715, 721 (2d Cir. 1965).

{¶17} In *State v. Bowser* the Court observed,

[I]t is well established in Ohio law that the court may consider information beyond that strictly related to the conviction offense. For example, the statute governing the contents of a PSI report simply says, "[T]he officer making the

report shall inquire into the circumstances of the offense and the criminal record, social history, and present condition of the defendant." R.C. 2951.03(A). The statutory directive no doubt results in the sentencing court considering evidence that would be inadmissible at trial, *State v. Davis* (1978), 56 Ohio St.2d 51, 10 O.O.3d 87, 381 N.E.2d 641—like hearsay—and results in the court considering evidence entirely unrelated to the conviction offense. *See Gregg v. United States* (1969), 394 U.S. 489, 492, 89 S.Ct. 1134, 22 L.Ed.2d 442. So, the court may consider the offender's prior arrests, even if none yields prosecution. *Burton* at 23, 6 O.O.3d 84, 368 N.E.2d 297 ("it is well-established that a sentencing court may weigh such factors as arrests for other crimes"). The court may also consider facts that support a charge of which the offender is ultimately acquitted. *State v. Wiles* (1991), 59 Ohio St.3d 71, 78, 571 N.E.2d 97, *quoting United States v. Donelson* (C.A.D.C.1982), 695 F.2d 583, 590, 224 U.S. App. D.C. 389 ("It is well established that a sentencing judge may take into account facts introduced at trial relating to other charges, even ones of which the defendant has been acquitted"). The court may even consider mere allegations of crimes for which the offender is never prosecuted. *State v. Cooey* (1989), 46 Ohio St.3d 20, 35, 544 N.E.2d 895 (allegations of uncharged criminal conduct found in a PSI report may be considered as part of the offender's social history).

2010-Ohio-951, ¶¶ 15 (2d Dist.).

**{¶18}** The trial court could consider all material before it in the PSI filed in the instant case, including the pending charges in Cuyahoga County, the dismissed charges in Perry

County, and Appellant's lengthy history of criminal convictions, whether such convictions are similar to or different from the conviction in the instant case. We find the sentence is not clearly and convincingly contrary to law.

**{¶19}** The first assignment of error is overruled.

## II.

**{¶20}** In his second assignment of error, Appellant argues the trial court abused its discretion in imposing court costs. We disagree.

### STANDARD OF REVIEW

**{¶21}** Appellant failed to move to waive court costs and did not object when the trial court stated at the sentencing hearing that it would order Appellant to pay court costs.

**{¶22}** "The failure to object to a trial court's order to pay the costs of prosecution . . . waives all but plain error on review." *State v. West*, 2022-Ohio-4069, ¶ 23 (3d Dist.). "To recognize plain error, we must find obvious error affecting such substantial rights that the error was outcome-determinative." *State v. Henslee*, 2017-Ohio-5786, ¶ 13 (5th Dist.), *citing State v. Noling*, 2002-Ohio-7044, ¶ 62. "Notice of plain error . . . is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

### ANALYSIS

**{¶23}** R.C. 2947.23(A)(1)(a) states, "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs." Under subsection (C), a trial court "retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, including any costs

under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter." "The statutory language provides no explicit criteria that a court should use in deciding whether to waive, suspend, or modify costs." *State v. Taylor*, 2020-Ohio-3514, ¶ 8. "[A] trial court is not required to consider the defendant's ability to pay in assessing a motion to waive, suspend, or modify court costs under R.C. 2947.23(C), though it is permitted to do so." *Id.* at ¶ 16.

{¶24} Appellant argues the trial court erred in failing to waive costs because he was indigent, and the trial court's imposition of the maximum sentence of sixty months further impeded his ability to pay. However, the trial court is not required to consider Appellant's ability to pay. Further, the PSI filed in the instant case reports Appellant had some prior employment history. We find the trial court's imposition of court costs is not plain error.

{¶25} The second assignment of error is overruled.

## CONCLUSION

**{¶26}** The judgment of the Muskingum County Common Pleas Court is affirmed.

**{¶27}** Costs are assessed to Appellant.


By: Montgomery, J.

King, P.J. and

Popham, J. concur.